**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

**IN RE:**

**JANETTE MACHADO RAMOS**

**Debtor(s)**

**CASE NO.  12-06448**

**Chapter   13**

**FILED & ENTERED ON 11/2/2012**

## OPINION AND ORDER

The Urgent Motion for Immediate Surrender of the Municipality of Isabela's Public Premises filed on 9/27/12 [Dkt. no. 13]is GRANTED. The Municipality has provided unrefuted evidence that the non-residential leasing contract was validly terminated pursuant to the sixth clause of the contract on February 29, 2012. In turn, the Order for Relief was issued approximately five months later on August 16, 2012. 11 U.S.C. 541(b)(2)states:

(b)Property of the estate **does not include**—

(2)any interest of the debtor as a lessee under a lease of nonresidential real property that has **terminated at the expiration of the stated term of such lease before the commencement of the case under this title**, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case; (emphasis added)

The court in In re Southcoast Express, Inc., 337 B.R. 739 (Bkrtcy.D.Mass., 2006) held that the phrase "terminated at the expiration of the stated term," as used in section 541(b)(2) is broad enough to include not just temporal expirations but an expiration under the terms of the lease. The court concluded that to determine whether debtor's lease was terminated pre-petition by the expiration of

the stated term, the court had to look to state law to determine when the lease was terminated, as opposed to just looking to the end date of lease. Moreover, In re Policy Realty Corporation, 242 B.R. 121 (S.D.N.Y. 1999) aff'd 213 F.3d 626 (table), 2000 WL 534265 (2nd.Cir.2000) examined sections 541(b)(2) and 365(c)(3) and held that the pre-petition accelerated termination by default notice and subsequent termination notice, in accordance with the terms of the lease, constituted the expiration of the stated term. It further stated that because the lessee had no continuing property rights under the applicable state law at the time it filed for relief, no interest of the lessee in the lease could become property of the estate. A lease contract that is validly terminated pursuant to state law may not be resurrected by the filing of a bankruptcy petition. In re Santos Borrero, 75 B.R. 141 (Bkrtcy.D.Puer to Rico, 1987). The cases from this Circuit favor looking to state law to determine when the lease was terminated as opposed to looking to the end date of the lease.[1]

Having determined that the non-residential leasing contract is not property of the estate we deem it unnecessary to delve into the prohibited assumption of the contract pursuant to section 365 (c)(3).

---

[1] In re Tiny's Cafe, Inc., 322 B.R. 224, 226 (Bankr.D.Mass.2005) ("Under Sections 362 and 541 of the Bankruptcy Code, a lease that has been terminated for non-payment prior to the filing of bankruptcy is not property of the estate, and is thus not protected by the automatic stay."), In re T.A.C. Group, Inc., 294 B.R. 199, 202 (Bankr.D.Mass.2003) (examining state law to determine effectiveness of landlord's pre-petition termination for purposes of 11 U.S.C. §§ 362(b)(10) and 541(b)(2)), In re Gromyko, 142 B.R. 20 (Bankr.D.R.I.1992) (granting relief from stay as landlord terminated lease prepetition), In re Norwood Aviation, Inc., 47 B.R. 155 (Bankr.D.Mass.1985), aff'd Bevilacqua v. Boston Metropolitan Airport, Inc., 63 B.R. 68 (D.Mass.1986) (granting relief from stay as landlord terminated lease pre-petition and citing for support § 541(b)(2)).

The Debtor shall surrender the premises to the Autonomous Municipality of Isabela forthwith.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of November, 2012.

Brian K. Tester
U.S. Bankruptcy Judge